# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

| | |
|---|---|
| **LISA A. TOWNSEND and** ) | |
| **MICHAEL CHRISTIAN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **No. 2:23-cv-00038** |
| **v.** ) | |
| ) | |
| **JUDGE JOHN MEADOWS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Lisa A. Townsend, a non-prisoner Tennessee resident, and Michael P. Christian, a Minnesota prisoner, filed a pro se Complaint against Judge John Meadows under 42 U.S.C. § 1983. (Doc. No. 1). "Because there are two plaintiffs in this matter, each plaintiff is proportionately liable for any fees or costs." Williams v. Tennessee, No. 3:12-mc-00072, 2012 WL 13072118, at *1 (M.D. Tenn. Oct. 11, 2012) (citing Talley-Bey v. Knebl, 168 F.3d 884, 887 (6th Cir. 1999); In re Prison Litigation Reform Act, 105 F.3d 1131, 1137 (6th Cir. 1997)). Here, Plaintiffs have each submitted an in forma pauperis application that demonstrates the inability to pay the full civil filing fee in advance without "undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001).

Accordingly, Townsend's application (Doc. No. 7) is **GRANTED** and she is excused from paying half of the filing fee. Christian's application (Doc. No. 11) is **GRANTED** and, pursuant to the Prison Litigation Reform Act, he is ASSESSED half of the filing fee—$175. The warden of the facility in which Christian is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly

deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Christian's preceding monthly income (or income credited to Christian for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $175 fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3). The Clerk of Court SHALL send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Christian is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows Christian to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B), 1915A(b); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). The court applies the standard for Rule 12(b)(6), Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to a plaintiff and taking all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," Ashcroft v. Iqbal, 556 U.S. 662, 681

(2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)), and a plaintiff may not rely on unwarranted factual inferences or legal conclusions couched as factual allegations. Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007); DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

Plaintiffs sue Judge Meadows under Section 1983, which creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.[1] Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Upon initial review, however, it is apparent that the Complaint does not plausibly allege that Plaintiffs are entitled to relief. Plaintiffs allege that Judge Meadows engaged in various misconduct while presiding over their legal matters. Specifically, Plaintiffs allege that Judge Meadows: (1) failed to "fully hear all testimony" and consider all proof; (2) failed to "hear all motions and documents in a timely manner"; (3) recuse "if he has bias"; (4) issued rulings that failed to "uphold the laws of Tennessee and the constitution[ ] of the United States"; (5) failed to "give a fair judgment in a divorce case"; and (6) issued rulings that led to the sale of Townsend's home, her eviction, and the neglect of her horses. (See Doc. No. 1 at 1-6).

However, "a judge performing his or her judicial functions is absolutely immune from suit seeking monetary damages."[2] Johnson v. Gibson, No. 20-3280, 2020 WL 5353293, at *3 (6th Cir.

---

[1] The Complaint also invokes 18 U.S.C. § 242 (Doc. No. 1 at 2), but there is no private right of action under this criminal statute. United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003).

[2] In addition to seeking $10 million in damages, Plaintiffs also suggest that Judge Meadows should be "removed from all cases regarding [Plaintiffs]" or "removed from the bench." (Doc. No. 1 at 5-6). Assuming, arguendo, that this comprises a request for injunctive relief, it is frivolous, because the Court may not interfere with the ability of state courts "to administer the recusal decision process in accordance with state law." Aaron v. O'Connor, 914 F.3d 1010, 1017 (6th Cir. 2019) (explaining that "Younger

July 22, 2020) (citing Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam)). Judicial immunity is not overcome by allegations of bad faith or malice, nor by a judge acting erroneously, corruptly, or in excess of his jurisdiction. Johnson v. Turner, 125 F.3d 324, 333 (6th Cir. 1997). A judge is subject to suit only where: (1) the judge acts in a non-judicial capacity; or (2) the judge acts in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12. The Complaint does not allege that Judge Meadows acted in a non-judicial capacity or in the complete absence of all jurisdiction. (See Doc. No. 1). Thus, Judge Meadows is absolutely immune from Plaintiffs' claims for money damages.

Accordingly, Plaintiffs fail to state a colorable Section 1983 claim. The Complaint is therefore **DISMISSED**. This is the final order denying all relief in this case. The Clerk SHALL enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, Plaintiffs are not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

abstention applies . . . where plaintiffs s[eek] federal injunctions requiring the recusal of state-court judges") (citing Younger v. Harris, 401 U.S. 37, 44 (1971); New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 368 (1989)).

4